**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. H-23-CR-525** |
| | § | |
| **SOHAIB ABUAYYASH** | § | |
| **Defendant.** | § | |

### GOVERNMENT'S MOTION IN LIMINE

The United States, by and through its United States Attorney for the Southern District of Texas, files this Motion in Limine seeking to exclude improper argument, questioning, and evidence during trial.

### I.    BACKGROUND

On November 2, 2023, the grand jury returned a one-count indictment charging defendant Sohaib Abuayyash with one count of being an alien, illegally and unlawfully present in the United States, was in possession of a firearm on September 24, 2023, in violation of Title 18 U.S.C. §922(g)(5)(A) and 924(a)(2). On December 12, 2023 a superseding indictment was returned adding four additional counts of 922(g)(5)(A) for visits to a different range with four additional firearms which belonged to another individual.  Trial of the Defendant is currently set for

1

February 26, 2024.

Defendant is represented by Assistant Federal Public Defender Amr Ahmed and Federal Public Defender Marjorie Meyers.

## II.    LAW AND ARGUMENT

### A. Elements of the Crime

Title 18 U.S.C. §922(g) makes it unlawful to possess firearm or ammunition when the following elements are met: (1) a status element [in this case, being an alien illegally or unlawfully present in the United States, who has not met any of the statutory exceptions]; (2) a possession element (to knowingly possess a firearm); (3) knowledge that a defendant had the relevant status when he possessed the firearm; and (4) a jurisdictional element (in or affecting commerce) . *See Rehaif v. United States*, 588 U.S. ___, 139 S.Ct. 2191, 2196 (2019); *United States v. Trevino*, 989 F.3d 402, 403 (5th Cir. 2021). The Government is not required to prove that a defendant knows of the statutory prohibition contained in Title 18 U.S.C. §922(g). *See Trevino*, 989 F.3d at 405 (citing *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)). Thus, a mistake about a defendant's knowledge that the law prohibits [in this case, those illegally or unlawfully present in the United States] from possessing a firearm does not negate any element of the offense. *See id*. (citing

2

*Rehaif*, 139 S.Ct. at 2195-96).   Proof that defendant knew it was a crime as result of their prohibited status has been uniformly rejected by other circuits.   *See id*. (citing *United States v. Maez*, 960 F.3d 949, 954-55 (7th Cir. 2020) ("rejecting argument that defendant must 'know that it was a crime to possess a firearm as a result of their prohibited status'"); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020) ("'*Rehaif* did not alter the well-known maxim that ignorance of the law (or mistake of law) is no excuse.'") (additional citations omitted)).

Case law is clear that pending changes in status do not provide a defense.   In an unpublushed opinion the Fifth Circuit has held that a pending asylum claim does not constitue a defense to 18 U.S.C. § 922(g)(5)(A).   *United States v. Portillo-Saravia*, WL 287557, (5th Cir., January 31, 2022).   This position is not unique to the Fifth Circuit.   The Eighth Circuit has held that, "an alien was subject to § 922(g)(5)'s firearm disability even though he had filed an asylum petition, because 'the employment authorization did not have the effect of converting Bazargan back into a legal alien.'"   *United States v. Bazargan*, 992 F.2d 844, 848–49 (8th Cir.1993) Asylum cases are not the only instance where a pending application is insufficient to constitute a defense.   With respect to limited temporary authorizations, the Fifth Circuit has held that , "it does not follow that an alien who has been granted limited temporary authorization (i.e., a temporary stay of removal and a temporary work

3

permit) is in the country legally for all purposes, rendering him immune to prosecution under § 922(g)(5)(A) [r]ather, consistent with *Igbatayo,* an alien may be temporarily granted a stay of removal and be permitted to work during that stay, but still be considered 'illegally or unlawfully in the United States.'"  *United States v. Flores*, 404 F.3d 320, 327 (5th Cir. 2005).  In *Igbatayo*, the defendant failed to maintain his student status as required by his visa.  *United States v. Igbatayo*, 764 F.2d 1039, 1040 (5th Cir. 1985).  The Court noted that, "it is clear that an alien who is in the United States without authorization is in the country illegally."  *Igbatayo* at 1040.  The Court further found that Igbatayo "was without authorization to remain in this country [h]e thus was in the same position legally as the alien who wades across the Rio Grande or otherwise enters the United States without permission."  *Id*.  The Fifth Circuit has also held that the defendant's status prior to the filing of his application for adjustment of status is given primacy and the filing of an adjustment of status is not lawful status.  *United States v. Elrawy*, 448 F.3d 309, 314-15 (5th Cir. 2006); *See Also United States v. Lucio, 428 F.3d 519 (5th Cir.2005)* ("[T]he submission of an application does not connote that the alien's immigration status has changed, as the very real possibility exists that the INS will deny the alien's application altogether.")  The result in this case is the Abuayyash's visa had expired prior to the filing of his asylum application in January 2020, thus

4

rendering him unlawfully present, and that status, or lack thereof, is given primacy.

## B. Inadmissible Jury Nullification Evidence

Any request by the Defendant to admit evidence that his ignorance or mistake in that he was not able to possess firearms due to his status should also not be admitted as it constitutes inadmissible irrelevant jury nullification evidence. A violation of Title 18 U.S.C. §922(g)(5)(A) is not a specific intent crime. *See Uresti-Careaga*, 281 Fed. Appx. at 406 (citing 18 U.S.C. § 924(a)(2); *Dixon v. United States*, 548 U.S. 1, 5 (2006); *see also United States v. Davis*, 328 Fed. Appx. 138, 143 (3rd Cir. 2009) (18 U.S.C. §922(g) is not a specific intent crime). As previously stated, "[t]o obtain a conviction, the Government was required to prove that [defendant] knowingly possessed the [firearm or] ammunition, not that he knew his conduct violated the law[1]." *Id*. Where the defendant fails to meet the threshold showing required to present an affirmative defense, the evidence is irrelevant. *See United States v. Penn*, 969 F.3d 450, 457 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 2526 (2021) (citing *United States v. Bailey*, 444 U.S. 394, 416 (1980) (where a defendant fails to satisfy one element of his affirmative defense, the jury does not need to be burdened with testimony supporting other elements)); *see also United States v.*

---

[1] Under *Rehaif*, the Government must now also prove the Defendant was aware of his relevant status, but not that his status made it illegal for him to possess a firearm under 18 U.S.C. §922(g). *See United States v. Navarro*, Crim. No. 6:16-89, 2020 WL 709329 at *3 (S.D. Tex. Feb. 11, 2020) (Rainey, J.) (citing *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019); *See also Rehaif,* 139 S.Ct. at 2194.

5

*Ragsdale*, 426 F.3d 765, 778 (5ᵗʰ Cir. 2005) ("concluding that evidence offered to support an unavailable defense is irrelevant).

Federal Rule of Evidence 402 provides that all relevant evidence is admissible unless excluded by the Constitution, law or other rule of evidence.   FED. R. EVID. 402; *see United States v. Clark*, 577 F.3d 273, 287 (5ᵗʰ Cir.), *cert. denied* 558 U.S. 1081 (2009).   Federal Rule of Evidence 401 defines relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."   *Id*.   "In other words, '[r]elevant evidence tends to make a necessary element of an offense more or less probable.'"   *United States v. Henthorn*, 864 F.3d 1241, 1249 (10ᵗʰ Cir. 2017), *cert. denied*, 138 S.Ct. 715 (2018) (quoting *United States v. Davis*, 636 F.3d 1281, 1298 (10ᵗʰ Cir. 2011)).   Given that possession of a firearm by a prohibited person does not require the government to prove that the defendant knew that federal law prohibited an alien illegally or unlawfull present in the United States from possessing firearms, any evidence offered to show such fact is irrelevant and inadmissible.   Whether the defendant knew or didn't know that his status prohibited him from possessing a firearm is not an element of the offense and is irrelevant.   *See e.g., Trevino,* 989 F.3d at 405.   As previously stated, "a mistake concerning a defendant's knowledge that the law prohibits convicted felons from possessing

firearms does not negate any element of the offense." *Id*. (citing *Rehaif*, 139 S.Ct. at 2195-96).   As such, the evidence has no bearing on any element of the charged offense in this case, is irrelevant and inadmissible at trial.

To act otherwise and allow such evidence would inspire jury nullification. "'Evidence admitted solely to encourage nullification is by definition irrelevant and thus inadmissible, regardless of what other evidence might be introduced at trial.'" *Penn*, 969 F.3d at 458 (quoting *United States v. Manzano*, 945 F.3d 616, 630 (2d Cir. 2019)).   A jury does not have a right to nullify criminal laws and the defendant does not have a right to a nullification instruction or nullification argument.   *See Funches*, 135 F.3d at 1409; *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C.Cir. 1975).   Jury nullification is the rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the juror's sense of justice, morality, or fairness. *See United States v. Edwards*, 303 F.3d 606, 633 n.15 (5th Cir. 2002). "[T]rial courts have the duty to forestall or prevent such conduct." *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997).

Thus, as the evidence sought to be introduced by the Defendant   that he did not know of the statutory prohibition is not relevant to any of the elements in the case, and admitting such evidence would only encourage potential jury nullification

arguments, the evidence is irrelevant and should not be admitted or argued at trial.

### C. THIRD PARTY WITNESSES

Allowing Defendant to have others testify as to his understanding and state of mind is prohibit under Federal Rules of Evidence 802. Having others then try and testify as to what Defendant knew or belived about his immigration status is prohibited.

### D. QUESTIONING OF LAWS

Any question, comment, argument, or testimony encouraging the jury to judge the wisdom or value of the laws which the Defendant is accused of violating. The jury's function is to apply the law given them by the Court to the facts as they find them. The jury is clearly not permitted to judge the wisdom or value of the law and should not be encouraged to do so by questions, arguments, or testimony designed to elicit such judgments on their part.

### E. VERDICT ON BIAS OR SYMPATHY

Any question, comment, argument, or testimony encouraging the jury to base their verdict on bias or sympathy. The Court will instruct the jury that they are not to be influenced by bias or sympathy but are to base their verdict on the facts as they find them and the law which the Court gives them. The jury should not be encouraged to disregard these instructions by questions, arguments, or testimonies

which are designed to encourage it to ignore the Court's instructions and allow them to be influenced by bias or sympathy.

## III.  **CONCLUSION**

Allowing Defendant to present evidence regarding asylum applicants, who were in an illegal or unlawful status prior to the filing of their asylum application, being able to possess firearms or ammunition is contrary to law and should be prohibited.  Making such claims before a jury invites a jury nullification as his defense and does not apply to any of the required elements the government needs to prove in this case.  As such, the evidence is irrelevant, inadmissible, and should be excluded from this case.  Additionally, having third party witnesses testify as to what the Defendant understood about his immigration status or what his state of mind was about his immigration status is likewise prohibited, inadmissible, and should be excluded.  Likewise, the questioning of the wisdom or value of laws is an inappropriate line of argument and should be prohibited.  Finally, encouraging or arguing for the jury base its verdict on bias or sympathy is contraty to law and should

be prohibited.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

BY:    /s/ Steven Schammel
Steven Schammel
Michael Day
Assistant United States Attorneys
Southern District of Texas
1000 Louisiana, Ste. 2300
Houston, Texas 77002
Ph. (713) 567-9000
Fax (713) 718-3300

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Government's requested jury instructions was sent via ecf email to all counsel of record on this 7th day of February, 2024.

/s/ Steven Schammel
Assistant United States Attorney

10