**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. H-23-CR-525-S** |
| | § | |
| **SOHAIB ABUAYYASH** | § | |
|    **Defendant.** | § | |

**RESPONSE TO DEFENDANT'S**
**NOTICE OF INTENT TO INTRODUCE**
**EXERT TESTIMONY**

The Defendant seeks to call an expert witness, who will be "an expert in tourist visa and asylum applications and procedures" and "will assist the jury in understanding the procedural issues surrounding tourist visa applications, asylum applications, and applications for work authorization." Dkt. No. 44, p. 1.  Additionally, the Defendant states, "Many people who apply for asylum do not have an attorney representing them. Some of those unrepresented applicants are assisted by non-lawyers, who often give inaccurate advice to the applicants about the process or the applicants legal status." *Id*. at p. 5.

**I.**    **The testimony is barred by Fed. R. Evid. 704(b)**

Federal Rule of Evidence 704(b) states that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or a defense. Those matters are for the trier of fact alone."

1

It is well settled that alleged expert testimony "crosses the line into that which Rules 704 and 403 prohibit if it amounts to the 'functional equivalent' of an opinion that the defendant knew. . ." *United States v. Medeles-Cab*, 754 F.3d 316, 321 (5th Cir. 2014), quoting *United States v. Gonzales-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010), and *United States v. Gutierrez-Farias*, 294 F.3d 657, 663 (5th Cir. 2002). *See also United States v. Sosa*, 897 F.3d 615, 619 (5th Cir. 2018) (testimony "crosses into the forbidden territory in which testimony with the 'expert' imprimatur is allowed to opine on the ultimate issue of guilt which is for the 'trier of fact alone'").

In *United States v. Gallion*, 257 F.R.D. 141, 156 (E.D. Ky. 2009), *aff'd*, 679 F.3d 355 (6th Cir. 2012), that Court explained that, in a fraud case:

> [A]ny direct opinion regarding whether the Defendants had the intent to defraud their clients would be inadmissible under Rule 704(b). Second, opinions regarding whether the Defendants' conduct is indicative of an intent to defraud are inadmissible, because [the purported expert] is not qualified to give such testimony. *Simply put, [the purported expert's] experience as a litigation attorney does not qualify him to express opinions regarding the Defendants' state of mind.*" Finally, even if Robbins were qualified to provide such opinion testimony, use of the terms "fraud," "fraudulent," "defraud," *etc.,* would be excluded under Rule 704(a) . . . because intent to defraud is a necessary element in the crimes charged, and opinions using these terms go beyond merely suggesting the ultimate conclusion.

*Id.* (emphasis added).

Moreover, in affirming that decision, the Sixth Circuit ruled that, regarding the effect of a document, the expert "did not seek to testify as to [the defendant's] understanding of the side letter at the time that it was signed (*about*

*which [the expert] was in no position to know*). [The expert] instead sought to testify as to the legal effect of the document. On this point, he was simply wrong. And the district judge—the only person in the courtroom vested with the authority to definitively interpret the law—did not abuse his discretion by excluding this. . ."

Here, it is anticipated that the purported expert is being asked to testify as to the Defendant's knowledge as to whether he was unlawfully present in the United States based on a pending asylum application. Not only is such a request a violation of the unambiguous language of Fed. R. Evid. 704(b), but additionally, the purported expert is in no position to testify as to the Defendant's understanding or own knowledge about his unlawful and illegal immigration status based on his filing an asylum application. Likewise, the Defendant's knowledge of his unlawful and illegal immigration status would only be known by him. Thus, it would constitute rife speculation and hearsay for the purported expert to testify as to Defendant's knowledge of his unlawful and illegal immigration status. The speculative and hearsay nature would only be amplified by any potential claim that the expert would not testify about the Defendant's knowledge, but only about his possible knowledge.

Furthermore, the Defendant appears to be seeking to do exactly what the Court in *United States v. Gallion*, 257 F.R.D. 141, 156 (E.D. Ky. 2009), *aff'd*, 679 F.3d 355 (6th Cir. 2012), warned against, which is to have an attorney "*express opinions regarding the Defendants' state of mind*" (emphasis added). *See also United States v. Medeles-Cab*, 754 F.3d 316, 321 (5th Cir. 2014), quoting *United States v.*

*Gonzales-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010), and *United States v. Gutierrez-Farias*, 294 F.3d 657, 663 (5th Cir. 2002).

In sum, the only individual that can testify as to what the Defendant "knew" is the Defendant. As a result, the purported expert's testimony on this issue should be excluded.

**II.  Expert testimony about immigration law and the process the Defendant may have underwent would be improper**

If the Defendant would like to offer evidence as to whether he knew he was illegally or unlawfully in the United States, he can testify himself about such matters. Moreover, if he wants to offer testimony about the immigration process he experienced, he can call witnesses who dealt with him directly. The purported expert can offer evidence as to neither. As to any potential claim that the purported expert would just explain the legal asylum process, it is well settled that "[e]ach courtroom comes equipped with a legal expert… [She is] called a judge." *Burkhart v. Washington Metropolitan Area Transit Authority,* 112 F.3d 1207, 1213 (D.C.Cir.1997).

The proposed testimony violates this well settled rule. It does not explain what the purported expert's *opinions* are. Rather, it appears to merely be a collection of legal assertions, and it is well settled that an expert witness is not needed, and is not allowed, to explain the law. *See Askanase v. Fatjo,* 130 F.3d 657, 672–73 (5th Cir.1997) (holding that the trial court properly excluded expert legal opinions as to

4

whether defendants breached various fiduciary duties because lawyer experts cannot opine as to what law governs an issue or what the applicable law means because such opinions impermissibly intrude upon the role of the court); *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir.1992) (noting that expert testimony must bring to the trier of facts more than the lawyers can offer in argument); *Owen v. Kerr–McGee Corp.,* 698 F.2d 236, 240 (5th Cir.1983) (holding that an expert's testimony on the contributory negligence of a party was a legal conclusions and therefore was an invasion of the trier of fact's role in deciding the case); *Goodman v. Harris Cnty,* 571 F.3d 388, 399 (5th Cir.2009) ("an expert may never render conclusions of law"); *Specht v. Jensen,* 853 F.2d 805, 808–09 (10th Cir.1988) (holding that the trial court erred in allowing expert legal opinions regarding warrantless searches because such opinions improperly instructed the jury on how to decide the case).

Therefore, the testimony should be excluded for this basis as well.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

BY:  */s/ Michael Day*
Michael Day
Steven Schammel
Assistant United States Attorneys
Southern District of Texas
1000 Louisiana, Ste. 2300
Houston, Texas 77002
Ph. (713) 567-9000
Fax (713) 718-3300

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing United States'

Response to Defendant's Notice of Intent to Introduce Expert Testimony was sent via

ecf email to all counsel of record on this 13th day of February 2024.


　　　　　　　　　　　　*/s/ Michael Day*　　　
　　　　　　　　　　　　Assistant United States Attorney

6