**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                              **4:23-CR-525 (S1)**

**SOHAIB ABUAYYASH**

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE
OF INTENT TO INTRODUCE EXPERT TESTIMONY**

The defendant's expert, Brian Manning, will not offer an opinion or inference on the ultimate issues of guilt. He will not opine as to whether Mr. Abuayyash knew that he was not legally present in the United States.

A qualified expert's opinion about relevant immigration procedures and documents does not violate Rule 704(b). "An opinion is not objectionable just because it embraces an ultimate issue." *Fed. R. Evid. 704(a)*. The testimony that Mr. Manning is expected to offer is summarized in the defendant's notice. Very similar expert testimony by an immigration lawyer was admitted over the government's objection in *Untied States v. Zelaya-Guerra*, 2:22-cr-98 (S.D. Tex 2022), ECF Doc. 73, pages 44 - 75 (Morales, J.).

Mr. Manning will not offer testimony that is similar to the prohibited drug courier profile testimony. The Fifth Circuit has stated, in a case where a defendant claimed to not have knowledge of hidden drugs, that a "qualified narcotics agent typically may testify about the significance of certain conduct or methods of operation

1

unique to the drug business so long as the testimony is helpful and its relevance is not substantially outweighed by the possibility of unfair prejudice or confusion." *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010). What is not admissible is testimony that because "a defendant's conduct matches the profile of a drug courier, the defendant must have known about the drugs he was transporting" *Id.*

When "expert testimony would assist in explaining legal concepts, and where such opinions are not inconsistent with the instructions to be given by the Court, limited expert opinion testimony is permissible." *United States v. Gallion*, 257 F.R.D. 141, 147 (E.D. Ky. 2009), *aff'd but criticized sub nom. United States v. Cunningham*, 679 F.3d 355 (6th Cir. 2012). In a civil case involving experts seeking to address contested issues of immigration law and procedure, a district court stated that:

> Because immigration law is a large and complex body of law with which an ordinary juror is not familiar, the Court finds expert testimony on these areas will be helpful to the jury. Both experts may testify generally to factual issues dealing with immigration law and the general process for obtaining H-2B visas and green cards.

*David v. Signal Int'l, LLC*, No. CV 13-6219, 2015 WL 14018914, at *1 (E.D. La. Jan. 11, 2015).

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By /s/ Amr A. Ahmed
AMR A. AHMED

2

Assistant Federal Public Defender
Southern District of Texas No. 3088803
Virginia State Bar No. 81787
440 Louisiana, Suite 1350
Houston, TX 77002-1056
Telephone:　713.718.4600
Fax:　　　713.718.4610

## CERTIFICATE OF SERVICE

I certify that on February 14, 2024, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorneys Steven Schammel and Michael Day.

By /s/ Amr A. Ahmed
AMR A. AHMED

3