**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:23-CR-00525-S** |
| | § | |
| **SOHAIB ABUAYYASH** | § | |

### NOTICE OF EXPERT UNDER FED. R. CRIM. P. 16(a)(1)(G)

The United States of America, by and through the United States Attorney for the Southern District of Texas, hereby serves notice of its intention to offer, if necessary, expert testimony at trial in this case.  While the United States does not believe the testimony qualifies as expert testimony, out of an abundance of caution, the following disclosure is made pursuant to Rule 16(a)(1)(G).

### Introduction

The Government contends that the witness Tina Tia, a U.S. Citizenship and Immigration Services Immigration Officer, is not providing expert testimony under rule 702 but may have some specialized knowledge or experience as a result of being a government agent that bears on her testimony.  "A witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his 'investigation and reflected his investigatory findings and conclusion, and was not rooted exclusively in his expertise …' " *United States v. McMillan*, 600 F.3d 434, 456 (5th Cir. 2010), quoting *United States v. Rigas*, 490, F.3d 208, 224 (2nd Cir. 2007); *see* also *Wunstell, et. Al. v. Clear Blue Specialty Insurance Company*, 22-975, 2022 WL 6113109 (E.D. LA 2022). Accordingly, the Government does not intend to ask the Court to recognize its witness as an expert.

However, to the extent the testimony of this witness is viewed by the Court as expert testimony, this filing will constitute the required notice under Federal rule of Criminal Procedure 16(a)(1)(G), and, as necessary, the Government will qualify them as experts at trial.

**Witness**

The United States will seek to offer the following testimony of U.S. Citizenship and Immigration Services Immigration Officer Tina Via, who has been working with USCIS since 2007. Via has testified in one trial, specifically *United States v. Andrew Mokoro, et. al.*, 10-cr-804. Officer Via has not published articles in her field. The United States has provided defense counsel with a CV detailing Officer Via's education history, trainings, and additional qualifications.

The United States intends to elicit the following testimony from Officer Via:

- Testimony regarding her knowledge of immigration forms, including terms, definitions, and general procedures;

- Testimony regarding the asylum application process and the stage at which someone obtains lawful status upon an asylum application being granted, as opposed to a pending application;

- Testimony about what work authorization constitutes and that an applicant for asylum is able to obtain work authorization;

The United States will supplement this notice if it discovers evidence that will be presented as expert opinion.  *See* Fed. R. Crim. P. 16(b)(2)(G)(iv)(c).

Reviewed and approved by:  *Tina Via*

Tina Via
Fraud Detection National Security
U.S. Citizenship and Immigration Services

Respectfully submitted, February 15, 2024.

ALAMDAR S. HAMDANI.
United States Attorney

By:    /s/ *Michael Day*
Michael Day
Assistant United States Attorney
Southern District of Texas

3

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing United States' Notice of Expert Under FED. R. CRIM. P. 16(b)(2)(G) was sent via ECF email to all counsel of record on February 15, 2024.

/s/ *Michael Day*
Michael Day
Assistant United States Attorney
Southern District of Texas